OPINION *Page 2 
{¶ 1} Defendant-Appellant, Marianne Brocksmith, appeals from her conviction of one count of Operating a Vehicle under the Influence of Alcohol (OVI), in violation of R.C. 4511.19, one count of Driving under Suspension, in violation of R.C. 4510.11, one count of Failure to Use Turn Signal, in violation of R.C. 4511.39, and one count of Failing to Wear a Seat Belt, in violation of R.C. 4513.263. Appellant filed a Motion to Suppress evidence flowing from the stop which she alleged was made without reasonable, articulable suspicion of criminal activity. After taking testimony from the police officer, Appellant and Appellant's passenger, the trial court overruled the motion to suppress. Appellant entered no contest pleas to the charges. The instant appeal has been initiated challenging the trial court's denial of the motion to suppress. Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to Anders v. California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth a proposed Assignment of Error.
 I. {¶ 2} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS."
 {¶ 3} In Anders, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client *Page 3 
sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if State law so requires. Id.
 {¶ 4} Counsel in this matter has followed the procedure in Anders v.California (1967), 386 U.S. 738, we find the appeal to be wholly frivolous and grant counsel's motion to withdraw. Appellant has not filed a brief of her own or suggested any other possible Assignments of Error.
 STATEMENT OF CASE AND FACTS {¶ 5} The sole issue raised in the motion to suppress was whether the officer had reasonable, articulable suspicion to initiate a traffic stop upon Appellant. At the hearing on Appellant's Motion to Suppress, the State presented the testimony of Trooper Richard Pollard, III. Trooper Pollard testified he looked in his driver's side mirror and witnessed Appellant make a turn without using her turn signal which prompted the traffic stop.
 {¶ 6} Appellant and her passenger also testified at the hearing. They both testified they had been drinking prior to the stop. Appellant testified her passenger, Warren Meek, was drunk, however, she did not believe she was drunk.
 {¶ 7} Trooper Pollard testified he saw Appellant stopped at the intersection of Sandpiper and Avondale. He observed Appellant make a turn onto Avondale without using a turn signal. *Page 4 
 {¶ 8} Appellant and Mr. Meek testified Appellant turned onto Avondale from Cristland Hill which would have made it impossible for the trooper to see Appellant's turn signals.
 {¶ 9} Following the stop, Appellant submitted to a breath test with a BAC result of 0.223.
 I. {¶ 10} In her sole potential Assignment of Error, Appellant argues the trial court erred in finding the trooper had reasonable suspicion to conduct a traffic stop and, thus, in denying her motion to suppress, we disagree.
 {¶ 11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v.Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991),73 Ohio App.3d 485; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), *Page 5 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623;Guysinger. As the United States Supreme Court held in Ornelas v.U.S. (1996), 116 S.Ct. 1657, 1663, " . . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." In re: Carson, 2007 WL 3087987, *1 (Ohio App. 5 Dist.).
 {¶ 12} An appellate court's review of a motion to suppress involves mixed questions of law and fact. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, 797 N.E.2d 71. When ruling on a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight of the evidence. State v.Fanning (1982), 1 Ohio St.3d 19, 20, 1 OBR 57, 437 N.E.2d 583. We must accept the trial court's findings of fact as true if they are supported by competent and credible evidence. See Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, 797 N.E.2d 71. However, with respect to the trial court's conclusions of law, we must apply a de novo standard of review and decide whether the facts satisfy the applicable legal standard. An appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93,96, 641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623, 627,620 N.E.2d 906; State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726; State v. Carr 2007 WL 2965607, *2 (Ohio App. 5 Dist.).
 {¶ 13} The Court has reviewed the evidence presented at the suppression hearing and finds the State presented sufficient evidence to support a finding of reasonable suspicion based upon the trooper's testimony. *Page 6 
 {¶ 14} The Fourth Amendment states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." The amendment has been extended to seizures of passengers in traffic stops under the rationale that the amendment "protects people, not places."Katz v. United States (1967), 389 U.S. 347, 351, 88 S.Ct. 507,19 L.Ed.2d 576. Using the reasonableness requirement of the amendment, the United States Supreme Court has held that a seizure must be reasonable both at its inception and throughout its duration. See Terry v.Ohio (1968), 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889.
 {¶ 15} An investigatory stop is permissible if a law enforcement officer has a reasonable suspicion, based on specific and articulable facts, that the individual to be stopped may be involved in criminal activity. Terry v. Ohio (1968), 392 U.S. 1, 21-22, 88 S.Ct. 1868. When determining whether or not an investigative traffic stop is supported by a reasonable, articulable suspicion of criminal activity, the stop must be viewed in light of the totality of circumstances surrounding the stop. State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus, cert. denied (1988), 488 U.S. 910, 109 S.Ct. 264.
 {¶ 16} The only witnesses to testify at the hearing were the trooper, Appellant, and Appellant's boyfriend. Both the Appellant and her boyfriend testified they had consumed alcohol prior to the encounter with the officer. Appellant testified her boyfriend was drunk; consequently, his recollection of events must be weighed in light of his intoxication. Appellant also admitted to drinking prior to the stop, although she denied being drunk. Similarly, it was reasonable for the trial court to weigh her admission to consuming alcohol in judging Appellant's credibility. *Page 7 
 {¶ 17} The trooper testified he witnessed Appellant make a turn without utilizing her turn signal. If believed, this presents sufficient information to justify a traffic stop. The trial court, after hearing the testimony and viewing the witnesses, concluded the trooper's testimony was credible. Based upon the totality of the circumstances, the State presented sufficient evidence to support a finding of reasonable suspicion to conduct the traffic stop, therefore, the trial court did not err is denying Appellant's Motion to Suppress.
 {¶ 18} Appellant's proposed Assignment of Error is overruled.
 {¶ 19} Counsel's Motion to Withdraw is granted. The judgment of the Licking County Municipal Court is affirmed.
 By: Wise, J. Hoffman, P. J. and Farmer, J. concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Municipal Court is affirmed.
Attorney Christopher M. Shook's motion to withdraw as counsel for Appellant is hereby granted.
 COSTS TAXED TO APPELLANT. *Page 1